IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRINA CREECH,                    )
                                 )
             Plaintiff,          )
                                 )
v.                               )          Case No. 16-2312-JAR-GEB
                                 )
P.J. WICHITA, L.L.C.,            )
                                 )
             Defendant.          )
_____ )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Her Complaint (**ECF No. 10**).   For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### Background[1]

Plaintiff Trina Creech worked as a delivery driver for a Papa John's pizza store in Wichita, Kansas from May 2014 to August 2015.   She alleges defendant P.J. Wichita, L.L.C. has owned and operated as many as 133 Papa John's franchise locations, including the one where Plaintiff was employed.   Plaintiff claims Defendant requires delivery drivers to use their own automobiles to deliver pizza and other food to customers, but uses a flawed method to determine the drivers' reimbursement rates,

---

[1] The information recited in this section is taken from the pleadings (Compl., ECF No. 1; Proposed Am. Compl., ECF No. 10, Ex. 1), and from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 10, 12, 13).  This background information should not be construed as judicial findings or factual determinations.

causing their wages to fall below the federal minimum wage.  Plaintiff filed her lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to herself and similarly situated delivery drivers employed by Defendant at its Papa John's stores.

Plaintiff filed her case on May 16, 2016 against a single defendant, P.J. Wichita.  On July 7, 2016, Defendant answered the Complaint (ECF No. 7) and the case was set for scheduling (ECF No. 9).  However, prior to the Fed. R. Civ. P. 16 scheduling conference, Plaintiff filed her Motion for Leave to Amend Complaint (ECF No. 10), seeking to add additional defendants.  Plaintiff claims, since Defendant's answer, she discovered additional entities and individuals who collectively owned and operated the chain of stores.  Defendant opposes the amendment (ECF No. 12), and the issue is now before this Court.

## Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established.  A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.  However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend his pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[2] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[3] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[4]

## Discussion

Plaintiff seeks to add defendants for three primary reasons. She asks to add five additional business entities as defendants, alleging the entities are jointly and severally liable for her FLSA claims because: 1) the entities constitute a "single integrated enterprise," and/or 2) the entities acted as joint employers of the putative plaintiffs. Plaintiff also seeks to add two individuals, Frank Carney and Terry Newman, as defendants, because 3) they are jointly liable for the FLSA violations as owners and officers of the business entities who held substantial control over the entities' employment decisions.

Of the factors analyzed by the Court when considering amendment, Defendant opposes Plaintiff's amended pleading solely on the basis of futility. Defendant argues

---

[2] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[3] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

Plaintiff's proposed amendment contains only threadbare recitals of the elements of the causes of action, supported by conclusory statements and insufficient facts.   Defendant contends the proposed amended complaint fails to allege facts from which the Court could infer the proposed additional defendants constitute a single employer, a joint employer, or are subject to individual liability under the FLSA.

**Futility**

A.   **Legal Standard for Futility**

As the party opposing amendment, Defendant bears the burden of establishing its futility.[5]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[6]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

Although the *Twombly*[8] and *Iqbal*[9] decisions changed the landscape of pleading sufficiency under Fed. R. Civ. P. 8 to a plausibility standard, they did not change the

---

[5] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[6] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

[7] *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

underlying principles for review.[10]   The court "must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven."[11]   The allegations in the complaint must only "give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[12]   "Although 'specific facts are not necessary" to comply with Rule 8(a)(2), the complaint must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"[13]  The court must be able "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

### B.     Futility Arguments

Defendant argues the Court cannot draw a reasonable inference of liability as to the proposed entity defendants under the single integrated enterprise and/or joint employer theories based upon Plaintiff's conclusory statements and lack of supporting facts.   Likewise, Defendant contends Plaintiff fails to supply enough facts to allow an inference of FLSA liability for the proposed individual defendants.   To support its arguments, Defendant cites to multiple cases discussing the *elements of proof* required for

---

[10] *Trujillo v. City of Newton, Kan.*, No. 12-2380-JAR, 2013 WL 535747, at *2 (D. Kan. Feb. 12, 2013).

[11] *Id.* (citing *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly,* 550 U.S. at 555)).

[12] *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

[13] *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007), quoting *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations, ellipsis, citations, and alterations omitted)).

[14] *Neighbors v. Lawrence Police Dep't*, No. 15-4921-DDC, 2016 WL 3685355, at *4 (D. Kan. July 12, 2016) (citing *Fields v. City of Tulsa*, 753 F.3d 1000, 1012-13 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)).

each of plaintiff's three primary claims.  In rebuttal, Plaintiff cites to both binding and persuasive authority demonstrating the *pleading standards* for each.  Although the Court cannot agree, at this juncture, that Plaintiff's amendment would be futile, each primary argument of the parties is briefly discussed.

### 1.  Single Employer/Joint Enterprise

Defendant correctly stated the general standard for entities to be considered a joint enterprise or single employer turns on four factors:  "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control."[15]  Although Plaintiff's proposed amended pleading clearly references these factors (ECF No. 10, Ex. 1 at 4, ¶ 11), Defendant argues Plaintiff stops at recitation of these elements and provides no facts to support them.

However, one indicia of interrelatedness considered by courts is combined offices.[16]  Plaintiff clearly claims all entities were operated from, and maintained their principal place of business in, the same office. (ECF No. 10, Ex. 1, ¶¶5-10.)  In addition to the shared office, Plaintiff's amended complaint generally describes how all entities operated Papa John's pizza stores (*Id*.), were commonly owned by Frank Carney and Terry Newman (*Id*. at ¶13), and describes throughout the amended complaint the shared policies regarding pay of the delivery drivers in all locations (*e.g., id*. at ¶¶17-19

---

[15] *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1220 (10th Cir. 2002) (citing *E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 571 (6th Cir. 1984)).
[16] *Spicer v. RadNet, Inc.*, No. 10-4024-MLB, 2010 WL 5301017, at *3 (D. Kan. Dec. 20, 2010) (citing *Tatum v. Everhart*, 954 F. Supp. 225, 228 (D. Kan. 1997)).

("Defendants' Flawed Reimbursement Policy" and "This policy applies to all of Defendants' delivery drivers.")).

In *Simmons v. Harman-Kim, Inc.*,[17] the District of Utah was faced with a similar situation. The Utah court noted the standard is not whether the plaintiff had *proven* her case in her pleadings, but is "whether there are 'plausible grounds' to believe that Plaintiff could demonstrate, *after discovery*, that [the defendants] are engaged in an integrated enterprise such that allowing her to amend her complaint would not be futile."[18] The court concluded, "[c]onsidering all four factors [of joint enterprise] together in conjunction with the standard for granting leave to amend, the court cannot say that allowing Plaintiff to amend her complaint to add . . . a defendant would be futile."[19]

On review of the proposed amended complaint at issue here, this Court tends to agree. Here, Plaintiff has clearly stated those elements required to prove a single integrated enterprise by the proposed defendant entities (ECF No. 10, Ex. 1 at 4, ¶ 11). She has also explained throughout her complaint the common policies she alleges were shared by the business entities (*see, e.g.*, *id.* at ¶¶17-19 (general policy), ¶¶27-38 (specific policy, summarizing that "Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's stores."). The additional detail Defendant seeks to require in the amended complaint is information

---

[17] 2008 WL 2575649 (D. Utah Jun. 26, 2008).

[18] *Id.* at *4 (citing *Twombly,* 550 U.S. at 555-56).

[19] *Id.* at *6.

which may plausibly come to light after discovery.  Therefore, the Court cannot conclude her amendment is futile on this basis.

### 2.      Joint Employers

Defendant also suggests Plaintiff fails to adequately plead facts indicating the entities were joint employers.   Under the FLSA, entities may be considered joint employers "where the employee performs work which simultaneously benefits two or more employers."[20] Generally, courts look to whether the entities "exercise[d] significant control over the same employees."[21]   Defendant asserts Plaintiff's amendment contains no allegations regarding common exercise of control over either Plaintiff or the same employees by the additional entities.   But Plaintiff's amended complaint clearly alleges her work simultaneously benefitted all Defendants (ECF No. 10, Ex. 1, at ¶12).   The specifics of how Plaintiff's work benefitted all Defendants could be determined through discovery.   Also, as previously discussed, throughout the amended complaint Plaintiff claims the entities were commonly owned and operated from the same office and shared the same employment policies.

In 2011, this district denied a defendant's motion to dismiss in *Lounds v. Spherion Staffing LLC*,[22] finding plaintiff's complaint included sufficient facts to demonstrate defendant might have been plaintiff's joint employer.   Although the court found plaintiff narrowly cleared the "hurdle established by Rule 12(b)(6)," it found plaintiff's few

---

[20] 29 C.F.R. § 791.2(b)(3).

[21] *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (quoting *Graves v. Lowery,* 117 F.3d 723, 727–28 (3d Cir. 1997)).

[22] No. 11-1144-CM-KGS, 2011 WL 6013472, at *1 (D. Kan. Dec. 2, 2011).

allegations sufficient.  Similarly, in *Collins v. Wal-Mart, Inc.*, this district found the issue of whether or not the named entities "should be deemed an integrated enterprise or joint employer [is] best resolved on motion for summary judgment."[23]

Although non-binding, persuasive to the issue before the Court is a recent factually-similar Northern District of Texas case.  In *Velazquez v. El Pollo Regio, LLC,*[24] when deciding a motion to dismiss, the court found the plaintiff's "allegations, while not highly detailed, are sufficient to fall within the parameters of 29 C.F.R. § 791,"[25] the Department of Labor regulation addressing joint employment.  Here, as in *Lounds, Collins* and *Velazquez*, the lack of precise detail in Plaintiff's proposed amendment does not prevent the Court from reasonably inferring the proposed defendants operated as joint employers.

### 3.    Individual Liability

Finally, Defendant contends Plaintiff does not provide factual support for her claim that Frank Carney and Terry Newman were either employers or personally liable under the FLSA.  It asserts Plaintiff neither identifies the officer or director of each proposed entity defendant nor specifies which director made employment decisions for each.  Defendant cites the four-part "economic realities" test[26] and those factors considered when determining whether an individual is an "employer" under the FLSA.

---

[23] 245 F.R.D. 503, 512 (D. Kan. 2007).
[24] 2016 WL 3669876 (N.D. Tex. Jul. 11, 2016).
[25] *Id*. at *4.
[26] *See Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) (citing *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990)).

Plaintiff clearly references each of the four factors in her description of Frank Carney and Terry Newman:  they (1) held the power to hire and fire; (2) supervised and controlled work schedules and/or conditions of employment; (3) determined rates and methods of pay and/or expense reimbursements; (4) and maintained employment records and/or held control over employment records. (ECF No. 10, Ex. 1, at 4, ¶ 13.)  Although Plaintiff does enumerate rather specifically the required factors, her complaint does not end at this recitation.  She also claims they were owners of substantial interests in the defendant entities (a claim not denied by Defendant); they served as officers of those entities; and held managerial responsibilities and substantial control over the shared terms and conditions of the drivers' work.  (*Id.*)  Taken as a whole, the factors to be considered and the remaining allegations of the amended complaint allow the Court to "draw a reasonable inference"[27] that Frank Carney and Terry Newman were either Plaintiff's employers or may be personally liable under the FLSA.

## C.    Conclusion on Futility

Equally applicable to all of Defendant's futility arguments is a singular concern: its contentions and authority seem to apply a heightened standard to the amended pleading.  Defendant relies upon cases dismissed at the summary judgment or later

---

[27] *Velasquez*, 2016 WL 3669876  at *7-8.  *See also Matrai v. AM Entm't, LLC*, No. 14-2022-SAC, 2015 WL 1646214, at *5 (D. Kan. Apr. 14, 2015) (noting, "Although those facts may ultimately prove insufficient to meet the economic realities test, they are sufficient at the pleading stage.")

procedural stages.[28]   But this case is not before the Court on a dispositive motion. Rather, the case was recently filed, the Court has not yet issued a scheduling order, and the parties have conducted no discovery.

Applying the standards for consideration of amendment under Rule 15, and accepting all Plaintiff's factual allegations as true, the Court cannot deny the amendment based upon Defendant's futility contentions.[29]   Plaintiff's proposed pleading contains enough detail to provide fair notice to Defendants of the FLSA violations alleged and "to raise a reasonable expectation that discovery"[30] will clarify the issues.   Applying a pleading standard, rather than the more stringent standard suggested by Defendant, the Court cannot, at this juncture, definitively find Plaintiff's proposed amendment is futile.

---

[28] *See, e.g.*, *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1215 (10th Cir. 2002) (the Court of Appeals discussed the "single-employer test" on review of the trial court's entry of judgment as a matter of law at trial);   *Tatum v. Everhart*, 954 F. Supp. 225, 228 (D. Kan. 1997) (dismissed on summary judgment after plaintiff failed to engage in discovery and failed to provide sufficient support for what evidence could be discovered in support of her claims); *Rowland v. Franklin Career Services, LLC*, 272 F. Supp. 2d 1188, 1201 (D. Kan. 2003) (district court granted in part and denied in part defendant's motion for summary judgment, finding genuine issues of material fact existed under the integrated enterprise test as to a Kansas limited liability company and its Kentucky parent); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1364 (10th Cir. 1993) (appeals court upheld decision of the district court granting summary judgment after plaintiffs failed to present sufficient evidence, and denying plaintiffs' request to supplement their complaint because it was filed four months after the deadline for amending the pleadings); *Gray v. Powers*, 673 F. 3d 352, 355 (5th Cir. 2012) (appeals court upheld the entry of summary judgment by the District of Texas applying the economic reality test to determine a member of the limited liability corporation was not an "employer" under the FLSA).

[29] *See Trujillo*, 2013 WL 535747, at *2 (citing *Twombly*, 550 U.S. at 556).   *See also Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *2 (D. Kan. Dec. 16, 2011) (finding "this court does not believe that *Twombly* requires the specificity that defendants desire. To require such detail would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs.")

[30] *Twombly*, 550 U.S. at 556.

**Other Factors**

Notwithstanding the Court's discussion of futility, the Court notes Defendant fails to address any of the other factors mentioned in Plaintiff's motion and typically analyzed on requests to amend.   Defendant expends its efforts arguing futility, but ignores Plaintiff's contentions that her request is timely and Defendant would suffer no prejudice by allowing her to amend her pleading.

At this early stage of the case, Court finds no prejudice to Defendant in allowing amendment.   This case was recently filed and no discovery has occurred, and this is Plaintiff's first request to amend her pleading.   No deadline for amending pleadings or adding parties has been set, so there is no question of timeliness.   Because the Court prefers the case to proceed on its full merits,[31] in the interests of justice the Court will allow Plaintiff to amend her Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint to Add Parties (**ECF. 10**) is **GRANTED**.   Plaintiff shall file her Amended Complaint on or before **September 22, 2016**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 8th day of September, 2016.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[31] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).