## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TRINA CREECH, individually and on behalf of similarly situated persons,**

**Plaintiff,**

**v.**

Case No. 16-CV-2312-JAR-GEB

**P.J. WICHITA, L.L.C., HOUSTON PIZZA VENTURE, LP, HPV-C, LLC, DEVLIN PARTNERS LLC, PJ HAWAII, LLC, FRANK CARNEY, and TERRY NEWMAN**

**Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Houston Pizza Venture, LP and HPV-C, LLC's (collectively Defendants) Motion to Dismiss (Doc. 27) for lack of personal jurisdiction. The motion is fully briefed and the Court is prepared to rule. For the reasons explained in detail below, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction.

### I.      Standard

Plaintiff has the burden of establishing personal jurisdiction over Defendant.[1]  In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[2]  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[3]  Allegations in a complaint are accepted as true if they

---

[1]*Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[2]*AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1056–57 (10th Cir. 2008); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[3]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159 (10th Cir. 2010) (citing *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir. 2007)); *OMI Holdings, Inc. v. Royal Ins.*

are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[4]  At the same time, the Court does not have to accept as true conclusory allegations, nor incompetent evidence.  When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.[5]  The court resolves all factual disputes in favor of the plaintiff.[6]  Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[7]  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[8]

## II.     Factual Background

Drawing all reasonable inferences in favor of Plaintiff, the following relevant facts are taken from the Complaint, and the exhibits attached to the parties' briefs.  The Court does not consider any general or conclusory allegations unsupported by affidavits or other evidence.

Plaintiff Tina Creech worked as a delivery driver at a Papa John's restaurant located at 2530 South Seneca, Wichita, Kansas, 67217, from approximately May 2014 to August 2015.  Plaintiff alleges in the First Amended Complaint that the various corporate and individual Defendants have "together owned and operated approximately 133 Papa John's franchise stores,

---

*Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[4]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[5]*Pytlik*, 887 F.2d at 1376; *see also Shrader*, 633 F.3d at 1248.

[6]*Dudnikov*, 514 F.3d at 1070.

[7]*Behagen*, 744 F.2d at 733.

[8]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

including stores located in Kansas, Arizona, California, Hawaii, Missouri and Texas," and that together Defendants used the "same flawed method to determine reimbursement rates" to reimburse delivery drivers for the costs of the business use of their vehicles, thereby causing their wages to fall below the federal minimum wage.[9]  Based on these alleged facts, Plaintiff asserts a collective action under the Fair Labor Standards Act ("FLSA") on behalf of herself and other similarly situated delivery drivers employed by Defendants at their Papa John's stores.[10]

Defendant Houston Pizza Venture, LP ("Houston Pizza"), is a Texas Limited Partnership and has its principal place of business in Houston, Texas.  Defendant HPV-C, LLC ("HPV") is a Texas limited liability company with its principal place of business in Houston, Texas.  HPV is the general partner of Houston Pizza.[11]

Houston Pizza and HPV operate Papa John's restaurants in the Houston, Texas area. They do not have an office in Kansas, nor do they own any interest in P.J. Wichita, LLC. Houston Pizza and HPV did not employ Plaintiff or have business dealings in Kansas during Plaintiff's employment, and they did not share in the ownership of the Papa John's store that employed Plaintiff.

According to the P.J. Wichita Annual Report filed with the Kansas Secretary of State in 2013, Frank Carney and Terry Newman each owned more than 5% capital in P.J. Wichita.[12] According to HPV's Texas filings, Carney is a manager of HPV.[13]  Carney was also the manager and president of Houston Pizza Venture, LLC prior to its conversion to Houston Pizza Venture,

---

[9]Doc. 15 ¶ 1.

[10]29 U.S.C. § 216(b).

[11]Plaintiff voluntarily dismissed Defendant P.J. Nor-Cal, LLC on January 17, 2017.  Doc. 35.

[12]Doc. 29-1.

[13]Docs.29-4, 29-5.

LP in 2000.[14]

## III.  Discussion

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules."[15]  To establish personal jurisdiction over a defendant, plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[16]  The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[17]

The due process analysis is comprised of two steps.  First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[18]  If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[19]

"Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and

---

[14]*See* Docs. 29-2, 29-3.

[15]*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)).

[16]*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[17]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[18]*Emp'r Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159–60 (10th Cir. 2010) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[19]*See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

does not require that the claim be related to those contacts.
Specific jurisdiction, on the other hand, is premised on something
of a *quid pro quo*: in exchange for "benefitting" from some
purposive conduct directed at the forum state, a party is deemed to
consent to the exercise of jurisdiction for claims related to those
contacts.[20]

Specific jurisdiction exists over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[21]  For jurisdictional purposes, the court must evaluate "[e]ach defendant's contacts with the forum State . . . individually."[22]

### A.    Whether "Joint Employer" and "Single Integrated Enterprise" Theories Apply to Determine Personal Jurisdiction

The Kansas long-arm statute applies to a non-resident company if it is an alter ego of a Kansas resident company.[23]  Plaintiff argues that this rule extends to non-resident companies that are "joint employers," or part of a "single integrated enterprise" or a "single employer" with a Kansas resident company.  There is no binding authority in the Tenth Circuit that personal jurisdiction can extend to a nonresident company under either theory.[24]  Courts outside of the Tenth Circuit are split on whether a joint employer or single integrated enterprise theory of liability under the FLSA applies to the personal jurisdiction inquiry.  Some courts treat personal jurisdiction and liability as separate issues; others apply these tests to both personal jurisdiction

---

[20]*Dudnikov*, 514 F.3d at 1078 (citations omitted).

[21]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[22]*Calder v. Jones*, 465 U.S. 783, 790 (1984) (citation omitted).

[23]*See Luc v. Krause Werk GMBH & Co.*, 289 F. Supp. 2d 1282, 1290 (D. Kan. 2003).

[24]*See Mendez v. Pure Foods Mgmt. Group, Inc.*, No. 3:14-cv-1515, 2016 WL 183473 at *2–6 (D. Conn. Jan. 14, 2016).

and liability.[25]  The Court is most persuaded by those cases which treat personal jurisdiction and liability as distinct issues and follows that line of authority.

The courts applying an employer liability test to determine personal jurisdiction have largely done so without analysis.  In *Hajela v. ING Groep, N.V.*,[26] for example, the United States District Court for the District of Connecticut held that a former employee made a *prima facie* showing of joint employment by an out-of-state corporation.  Noting the test used to establish a joint employer relationship was "for the purposes of assigning liability," the court nonetheless found that the plaintiff made a *prima facie* showing of personal jurisdiction where that liability test was met.[27]  Similarly, in *Berry v. Lee*,[28] the Northern District of Texas found the plaintiff demonstrated a *prima facie* case of personal jurisdiction over out-of-state defendants using theories of liability; the court further noted that this is a "less stringent" standard than the plaintiff needs at trial.[29]

The Court is more persuaded by the cases where personal jurisdiction and liability remained distinct inquiries because they include robust analysis about the important distinctions between liability and personal jurisdiction standards.  While personal jurisdiction derives from a constitutional inquiry of due process, liability theories arise from federal or state statutes.[30]  The Seventh Circuit explained this distinction in the context of the Multiemployer Pension Plan

---

[25]*See In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*, 735 F. Supp. 2d 277, 326–28 (W.D. Penn. 2010) (providing an overview of other courts' approaches to applying liability theories to personal jurisdiction and treating liability and personal jurisdiction as distinct inquiries).

[26]582 F. Supp. 2d 227 (D. Conn. 2008).

[27]*See id.* at 236, 238.

[28]428 F. Supp. 2d 546, 553, 556 (N.D. Tex. 2006) ("Texas courts rely on the single business enterprise theory to assert jurisdiction.") (citations omitted).

[29]*Id.* (citation omitted).

[30]*See Mendez*, 2016 WL 183473 at *5.

Amendments Act of 1980 to ERISA.[31]  An analysis of personal jurisdiction ends when a court

finds a defendant does not have sufficient minimum contacts with the forum state "without

examining the plaintiff's causes of action."[32]  The substantive law that applies to a plaintiff's

claims, and thus to the employer liability theories, are irrelevant to the personal jurisdiction

analysis "because a state or federal statute cannot transmogrify insufficient minimum contacts

into a basis for personal jurisdiction by making these contacts elements of a cause of action."[33]

Moreover, legislatures may enact different standards for what constitutes an employer or

integrated enterprise for the purpose of liability, which would result in inconsistent

determinations of personal jurisdiction if the Court were to find personal jurisdiction arising

from employer liability theories.[34]  Personal jurisdiction, on the other hand, is a consistent

standard that does not change based on the law a case hinges on.[35]  This Court is persuaded by

the many decisions holding, consistent with the Seventh Circuit, that the personal jurisdiction

analysis should not be augmented by statutory liability standards that may apply to out-of-state

defendants.[36]  Accordingly, this Court will not apply either the "joint employer" or "single

---

[31]*Cent. States Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944–45 (7th Cir. 2000).

[32]*Id.* at 944.

[33]*Id.* at 945.

[34]*Mendez*, 2016 WL 183473 at *5.

[35]*Id.* ("But legislators do not have that same flexibility to fashion a more relaxed standard of personal jurisdiction.").

[36]*See e.g.*, *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1096 (1st Cir. 1992) (stating, in dicta, that the court was "highly skeptical" of plaintiff's contention that jurisdiction was exercisable under an "integrated enterprise" theory because it lacked support in case law "for transplanting this theory from the liability context to the jurisdictional context."); *Mendez*, 2016 WL 183473, at *5 ("[N]one of the possible 'single integrated enterprise' or 'dual employer' tests . . . — which might be appropriate for determining liability at a later stage of this litigation—are appropriate for determining in the first instance whether this court can exercise personal jurisdiction over the non-Connecticut defendants."); *Walker v. THI of N.M. at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1153–54 (D.N.M. 2011) (declining to use the single-employer test in its personal jurisdiction analysis because "the single-integrated enterprise theory derives from federal law regarding Title VII, a different body of law than regarding minimum contacts.").

integrated enterprise" theory to determine whether there is personal jurisdiction over the out-of-state Defendants in this matter.

### B.   Whether Plaintiff has Made a *Prima Facie* Showing of Personal Jurisdiction

Courts that have rejected employer liability theories to establish personal jurisdiction instead apply a more generic "'agency test' to determine whether to impute the jurisdictional contacts of the subsidiary to the parent defendant."[37]  This is akin to the veil-piercing theory used to disregard the corporate entity in situations where corporations are only facially separate identities, which is essentially Plaintiff's theory in this case.[38]  Kansas courts have used such an alter ego theory to establish personal jurisdiction over a defendant.[39]  Under the alter ego theory, "the corporate entity is disregarded and liability fastened on an individual who uses the corporation merely as an instrumentality to conduct his own personal business."[40]  Disregarding the corporate entity is justified "if separation of the two entities has not been maintained and injustice would occur to third parties if the separate entity were recognized."[41]

The following ten factors are used to evaluate whether to disregard a corporate entity:

> (1) whether the parent corporation owns all or a majority of the capital stock of the subsidiary; (2) whether the corporations have common directors or officers; (3) whether the parent finances the subsidiary; (4) whether the parent corporation subscribed to all the capital stock of the subsidiary or otherwise causes its incorporation; (5) whether the subsidiary has grossly inadequate capital; (6) whether the parent corporation pays the salaries or expenses or losses of the subsidiary; (7) whether the subsidiary has

---

[37] *See Mendez*, 2016 WL 183473 at *5–6 (quoting *Price v. Waste Mgmt., Inc.*, No. ELH–13–02535, 2014 WL 1764722, at *11 (D. Md. Apr. 30, 2014); *see also Cent. States Se. & Sw. Areas Pension Fund*, 230 F.3d at 943–44 (explaining that corporate affiliation is not sufficient to establish personal jurisdiction "where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary.").

[38] *See Mendez*, 2016 WL 183473, at *5–6.

[39] *Luc v. Krause Werk GMBH & Co.*, 289 F. Supp. 2d 1282, 1288 (D. Kan. 2003)..

[40] *Id.* at 1289 (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)).

[41] *Id.* (quoting *Quarles*, 504 F.2d at 1362).

> substantially no business except with the parent corporation or no
> assets except those conveyed to it by the parent corporation; (8)
> whether in the papers of the parent corporation, and in the
> statements of its officers, the subsidiary is referred to as such or as
> a department or division; (9) whether the directors or executives of
> the subsidiary do not act independently in the interest of the
> subsidiary but take direction from the parent corporation; and (10)
> whether the formal legal requirements of the subsidiary as a
> separate and independent corporation are not observed.[42]

Plaintiff has failed to demonstrate a *prima facie* case of personal jurisdiction over Defendants under an alter ego theory.   Defendants challenged personal jurisdiction and produced a declaration from the Vice President for Houston Pizza, Mr. Billy Robinett, stating that HPV does not have an office in Kansas, own any interest in P.J. Wichita, L.L.C., did not employ Plaintiff or have business dealings in Kansas during Plaintiff's employment, and did not share in ownership of the Wichita, Kansas store where Plaintiff worked with P.J. Wichita.[43]  In response to this declaration, Plaintiff submits Secretary of State filings pertaining to P.J. Wichita, HPV, and Houston Pizza,[44] and a website page stating that Carney operates a franchise of Papa John's under umbrella companies including P.J. Wichita and Houston Pizza.[45]

Although no single factor or combination of factors is required to apply the alter ego doctrine,[46] Plaintiff's factual allegations and evidence fails to demonstrate that any of these factors are present in this case, particularly in light of Robinett's unrebutted declaration. Robinett's declaration asserts that the relationship between P.J. Wichita and Defendants does not meet any of the requisite factors considered to disregard the corporate entity under the alter ego

---

[42]*Id.* (citations omitted).

[43]Doc. 27-1.

[44]Docs. 29-1, 29-2, 29-3, 29-4.

[45]Doc. 29-5.

[46]*See Luc*, 289 F. Supp. 2d at 1289 (quoting *Doughty v. CSX Transp., Inc.*, 905 P.2d 106, 114 (Kan. 1995) (citation omitted)).

theory.  Moreover, Plaintiff's evidence merely demonstrates that Carney owns P.J. Wichita, L.L.C., Houston Pizza, and HPV.  But common ownership alone is insufficient to show that these corporate entities should be disregarded.  In light of Robinett's declaration denying the involvement of Houston Pizza and HPV in the operations of P.J. Wichita, L.L.C., Plaintiff's evidence does not serve as competent proof that the Court can exercise personal jurisdiction under an alter ego theory.  Therefore, Plaintiff fails to establish a *prima facie* case of personal jurisdiction over these Defendants, and the Court grants their motion to dismiss on this basis.

Assuming *arguendo* that Plaintiff could establish personal jurisdiction under a "joint employer" or "single integrated enterprise" theory of liability, the Court finds Plaintiff would fail to meet the burden of providing competent proof to establish personal jurisdiction.  Although the Court found Plaintiff sufficiently pled the joint employer and single integrated enterprise theories of liability for purposes of amending the complaint,[47] it does not necessarily follow that the same factual allegations can sustain a motion to dismiss for lack of personal jurisdiction.  The Court determined Plaintiff alleged sufficient facts that, assumed to be true, could support a plausible claim for relief under the FLSA against these Defendants.[48]  To establish personal jurisdiction, however, Plaintiff must provide competent proof of minimum contacts because Defendants submitted a declaration directly challenging Plaintiff's allegations of personal jurisdiction.

Under the FLSA, an "employer" subject to the Act is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[49]  Under a Department of Labor ("DOL") regulation interpreting the FLSA, joint employers exist "where

---

[47]*See Creech v. P.J. Wichita L.L.C.*, No. 16-2312-JAR-GEB, 2016 WL 4702376 at *3–4 (D. Kan. Sept. 8, 2016).

[48]*Id.*

[49]29 U.S.C. § 203(d).

the employee performs work which simultaneously benefits two or more employers."[50]  A joint employment relationship generally exists in situations: (1) where employers arrange to share the employee's service; (2) where one employer acts in the interest of the other employer in relation to the employee; or (3) where employers are not entirely dissociated with respect to a particular employee and may share control of the employee, either directly or indirectly, because of the fact that one employer is controlled by or under common control with the other employer.[51]  To determine the existence of joint employers, courts generally look to whether the alleged joint employers "exercise[d] significant control over the same employees."[52]  Courts recognize independent entities as joint employers if the entities "share or co-determine those matters governing the essential terms and conditions of employment."[53]

Robinett attests in his declaration that Pizza Venture and HPV are not joint employers with P.J. Wichita.  He specifically denies that these Defendants own an interest in either P.J. Wichita or the Wichita Papa John's where Plaintiff worked.  Robinett also denies that these Defendants employed Plaintiff and that Defendants had business dealings in Kansas during Plaintiff's employment.  These statements demonstrate a lack of control over Plaintiff's employment.  Plaintiff has not provided any conflicting declaration that would require the Court to resolve a factual dispute in Plaintiff's favor on this point.  Because Defendants produced evidence contradicting Plaintiff's allegations that Defendants exercised control over employees

---

[50]29 C.F.R. § 791.2(b)(3).

[51]*Id.* This Court grants deference to the DOL's regulations on the issue of when a joint employer relationship exists.  *See Chevron, USA, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984).  The regulation is based on a permissible reading of the statute, and the issue is not directly addressed by Congress in the statute.  *Accord Matrai v. DirecTV*, 168 F. Supp. 3d 1347, 1351 (D. Kan. 2016) (quoting *Harris v. Universal Contracting, LLC*, No. 13-CV-00253 DS, 2014 WL 2639363, at *5 (D. Utah Jun. 12, 2014)).

[52]*Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1218  (10th Cir. 2002) (quoting *Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997)); *see also Matrai v. DirecTV*, 168 F. Supp. 3d 1347, 1351 (D. Kan. 2016).

[53]*Bristol*, 312 F.3d at 1218 (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994)).

and benefited from employees' work, Plaintiff must come forward with competent proof supporting her jurisdictional allegation.  Plaintiff's evidence in the form of filings with the Kansas and Texas Secretary of States, and the encyclopedic website describing Carney's franchises, does not amount to competent proof that would establish a *prima facie* case of joint employment.  This evidence provides no information concerning the relationship between Defendants and P.J. Wichita, it does not demonstrate that Defendants made employment decisions regarding Plaintiff, and it lacks any information suggesting that Defendants benefitted from Plaintiff's employment.

Under the integrated enterprise test,[54] the Court considers the following four factors: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.[55]  Evidence of interrelated operations includes intermingling of payroll and finances; common employees, headquarters, and advertising; and shared services, equipment and office space.[56]  Again, Plaintiff's allegation that Houston Pizza and HPV operated and maintained their principal places of business in the same office in Wichita, Kansas is directly contradicted by Robinett's declaration.  Plaintiff submits business filings to show that Carney has an ownership interest in P.J. Wichita, and is the "Manager and President of HPV-C, LLC," and an on-line biography stating that he operates a franchise of Papa John's outlets "under the umbrella of four different companies" including Houston Pizza and P.J.

---

[54]The joint employer and single employer theory of liability are distinct, and typically do not apply as alternative theories.  *See Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1218  (10th Cir. 2002) (citations omitted); *see also Mendez*, 2016 WL 183473 at *2–4 (explaining the difference between a single employer and joint employer relationship).  Whereas the single integrated enterprise (or single employer) test "asks whether two nominally separate entities should in fact be treated as an integrated enterprise," the joint employer test "assumes that the alleged employers are separate entities."  *Bristol*, 312 F.3d at 1218 (citations omitted). Nonetheless, the Court has considered Plaintiff's claim under both theories.

[55]*See Bristol*, 312 F.3d at 1220 (citing *EEOC v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 571 (6th Cir. 1984)) (applying to Title VII claims); *Mendez*, 2016 WL 183473, at *4 (applying test to FLSA claims based on district court precedent within the Second Circuit).

[56]*Rowland v. Franklin Career Servs, LLC*, 272 F. Supp. 2d 1198, 1201 (D. Kan. 2003).

Wichita.  But these exhibits do not demonstrate an interrelation of operations between the Defendant companies.  They merely show that Carney has some ownership and operational interest in the various business entities.

The second factor, centralized control over labor relations, is "an important factor" in applying the integrated enterprise test.[57]  To demonstrate centralized control, Plaintiff must show a single entity made day-to-day employment decisions for the entities.[58]  Plaintiff does not offer any proof that a single entity made the day-to-day employment decision for these business entities.  Instead, to challenge Robinett's declaration that Houston Pizza and HPV did not employ Plaintiff or share ownership of the Wichita Papa John's store, Plaintiff relies upon allegations in the First Amended Complaint that all Defendants used the same flawed policy and method to reimburse delivery drivers.  However, the existence of common policies is not enough to demonstrate centralized control in absence of evidence indicating an entity's role in implementing or affecting the policies.[59]  Therefore, even assuming the truth of these allegations, they would not be sufficient to demonstrate that the second factor of the integrated enterprise test weighs in Plaintiff's favor.

The third factor, common management, focuses on whether the entities have common directors and officers.[60]  The existence of one common manager is insufficient to establish a disputed material fact under this prong, but the existence of common officers becomes relevant if

---

[57]*Id.* at 1202 (citations omitted).

[58]*See id.* (citing *Armbruster v. Quinn*, 711 F.2d 1332, 1338–39 (6th Cir. 1983)) (finding centralized control where common officer in parent and subsidiary company approved all hiring decisions); *Baker v. Stuart Broad Co.*, 560 F. 2d 389, 392 (8th Cir. 1977) (finding centralized control where parent company issued rules on employment practices for subsidiaries to follow); *Smith v. Jones Warehouse, Inc.*, 590 F. Supp. 1206, 1208 (N.D. Ill. 1984) (finding centralized control where parent company issued personnel policies, paid subsidiary's non-union employees, was listed as the employer on subsidiary's non-union employees W-2 forms, and terminated a subsidiary employee).

[59]*See Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1071 (10th Cir. 1998).

[60]*Rowland*, 272 F. Supp. 2d at 1203 (citation omitted).

the officers were involved in management.[61]  Plaintiff presented documents showing that Frank Carney has financial interests in P.J. Wichita, Houston Pizza, and HPV.  He serves as a member of P.J. Wichita and as the manager and president of Houston Pizza Ventures and HPV.  However, Plaintiff does not offer proof that Carney was involved in the management of all three companies—she asks the Court to infer this fact from his titles.  The Court finds that this is not a reasonable inference in light of Robinett's declaration that explicitly disclaims common management.

Finally, the Court considers the fourth factor of the single integrated enterprise test, common ownership.  Common ownership alone does not establish that separate entities should be considered an integrated enterprise or single employer.[62]  Plaintiff's evidence of the Secretary of State filings and Carney's Papa John's franchise demonstrates overlap in ownership between HPV, and Kansas-based Defendant P.J. Wichita.  However, Plaintiff does not offer any other evidence to suggest something more than common ownership.  Moreover, in light of the Robinett declaration, common ownership by Carney is not enough to establish that the companies are a single integrated enterprise.

In sum, the Court declines to apply an FLSA employer-liability theory to determine the jurisdictional question in this matter.  Under the applicable agency test, Defendants' motion to dismiss must be granted.  Alternatively, even if the Court did apply the employer-liability tests urged by Plaintiff, the Court would grant Defendants' motion to dismiss on the basis that Plaintiff fails to submit competent proof in support of her jurisdictional allegations in the face of the evidence submitted by Defendants that directly contradicts Plaintiff's employer-liability theories of jurisdiction.

---

[61]*Lockard*, 162 F.3d at 1071.

[62]*Id.* (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1064 (10th Cir. 1993)).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Houston

Pizza Venture, LP and HPV-C, LLC's Motion to Dismiss (Doc. 26) is **granted**.

**IT IS SO ORDERED.**

Dated: <u>March 8, 2017</u>

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE